IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXIS BURTON,   Civil Action No.: 2:23-cv-793

    Plaintiff,

v.

BOROUGH OF BROOKVILLE and JUSTIN
C. MILLER, former police officer of the
Brookville Police Department,

    Defendants.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Alexis Burton, by and through her undersigned counsel, D. Aaron, Rihn, Esquire; Sara J. Watkins, Esquire; and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendants, the Borough of Brookville and Justin C. Miller, former police officer of the Brookville Police Department, upon causes of action, the following of which are statements:

## PARTIES

1. Plaintiff Alexis Burton is a citizen of the United States and currently resides in Clarion County, Pennsylvania.

2. Defendant Borough of Brookville is a municipality duly incorporated under the laws of the Commonwealth of Pennsylvania with administrative offices located at 18 Western Avenue, Suite A, Brookville, Jefferson County, Pennsylvania 15825.

3. At all times relevant herein, Defendant Justin C. Miller was a police officer with the Brookville Borough Police Department, with his principal place of business being 70 Second

Street, Suite B, Brookville, Pennsylvania 15825. Claims in this action are asserted against Defendant Miller in his individual capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under the provisions of 28 U.S.C. §§ 1331, 1341, and 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of a citizen of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction of the common law claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In early 2022, Defendant Miller requested to be "friends" with Plaintiff on the social media platform, Facebook, and Plaintiff accepted Defendant Miller's friend request.

7. Soon after the two became "Facebook friends," Defendant Miller obtained Plaintiff's social media "SnapChat "user name through Facebook.

8. Defendant Miller requested to add Plaintiff as his "friend" on SnapChat where he began sending Plaintiff messages that were sexual in nature.

9. Soon after, Plaintiff blocked Defendant Miller on SnapChat, but then Defendant Miller used his business SnapChat account and continued harassing Plaintiff with frequent messages.

10. During this same time, a marked Brookville police cruiser pulled into Plaintiff's driveway in the middle of the night.

11. This caused Plaintiff particular concern as her home is not located in the Brookville Police Department's jurisdiction.

12. Upon information and belief, the marked Brookville police cruiser was driven by Defendant Miller as a tactic to stalk and harass Plaintiff.

13. On multiple occasions, Plaintiff noticed that a Brookville police cruiser would often follow her as she was driving.

14. Upon information and belief, the Brookville police cruiser following her on the road was being operated by Defendant Miller, again, as a tactic to stalk and harass Plaintiff.

15. On March 18, 2022, Alexis Burton was at Sheetz located at 300 West Main Street, Brookville, PA 15825, when she was approached by Defendant Miller, who was wearing his Brookville Police officer uniform.

16. Upon information and belief, Defendant Miller was stalking/following Plaintiff in order to approach her in person.

17. Defendant Miller then approached Plaintiff from behind and groped her buttocks and groin area.

18. Plaintiff, in shock, turned around and moved away from Defendant Miller, as he asked her why she was being a "prude."

19. Immediately after the assault occurred, Plaintiff filed a report with the State Police; however, Defendant Miller was still permitted to work for the Brookville police department for two more weeks. After that, Defendant Miller was put on paid leave until he ultimately resigned from his position.

20. As a result of the assault, Defendant Miller was charged criminally with the following: M2 18 § 3126 §§ A1 Indecent Assault without Consent of Other; M3 18 § 2709 §§ A4 Harassment- Lewd, Threatening Language; S 18 § 2709 §§ A1 Harassment- Subject Other to Physical Contact.

21. On March 1, 2023, Defendant Miller accepted a guilty plea being convicted of simple assault.

22. Upon information and believe, Defendant Miller harassed, stalked, and assaulted other women, both as a Brookville police officer and when he was scheduled to work at Brookville High School.

## COUNT I

### Violation of Constitutional Rights under Color of State Law
### Violation of Right to Substantive Due Process of Law
### (As to Defendant Justin C. Miller)

23. The averments of the previous paragraphs are incorporated by reference as if fully set forth herein.

24. Section 1983 provides that: "every person who, under the color of [law] of any State… subjects, or causes to be subjected, any [person] to the deprivation of any rights… secured by the Constitution and laws, shall be liable to the party injured in an action at law…" 42 U.S.C. § 1983.

25. Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

26. Plaintiff is a "person[]" within the meaning of 42 U.S.C. § 1983.

27. For the purpose of this count, Defendant Miller is a municipality party, in that he was an employee and/or authorized agent of the Borough of Brookville, and acting through the Borough of Brookville, to patrol and serve the community. Accordingly, Defendant Miller was acting under the color of state law. Defendant Miller's actions and inactions violated Plaintiff's Eighth Amendment rights, which is actionable under 42 U.S.C. § 1983 and applicable to states and municipalities via the Fourteenth Amendment.

28. The Fourteenth Amendment to the United States Constitution protects the bodily integrity of all citizens and protects citizens from being sexually harassed and sexually accosted by government officials.

29. The actions of Defendant Miller, as detailed above, violated Plaintiff's rights under the United States Constitution. In short, it was not objectively reasonable for Defendant Miller to stalk, harass, and assault Plaintiff.

30. Defendant Miller's actions were motivated by bad faith and malice.

31. Defendant Miller should have acted as a qualified police officer by protecting and servicing his community, and the surrounding communities, especially while in his Brookville police uniform. Instead, Defendant Miller abused his position by following and stalking Plaintiff, and ultimately assaulting her.

32. As a direct and proximate result of the unconstitutional acts as described above, Plaintiff was irreparably injured as a result of Defendant Miller's actions and abuse.

## COUNT II
**Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees under Color of State Law**

**(As to Defendant the Borough of Brookville)**

33. The averments of the previous paragraphs are incorporated by reference as if fully set forth herein.

34. Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

35. Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

36. Plaintiff was a "person[]" within the meaning of 42 U.S.C. § 1983.

37. The Borough of Brookville is a municipality party. Accordingly, the Borough of Brookville was acting under the color of state law.

38. Upon information and belief, the Borough of Brookville was responsible for supervising Defendant Miller; however, the Borough of Brookville failed in this responsibility, as is self-evident by the continuous conduct at issue in this matter and the numerous accounts of Defendant Miller stalking, harassing, and assaulting women both before and during his employment with the Borough of Brookville.

39. Additionally, upon information and belief, the Borough of Brookville failed to institute appropriate policies and training in the Brookville Police Department on a wide variety of subjects, including, but not limited to police procedures, sexual harassment, sexual misconduct, supervision, and discipline.

40. In the alternative, and upon information and belief, the Borough of Brookville has instituted appropriate policies, but then has, through gross negligence and carelessness, demonstrated deliberate indifference to these policies by failing or intentionally refusing to enforce them. This is especially so regarding its failure to properly address allegations of assault and sexual misconduct perpetrated by agents and officers of the Brookville Police Department, including, specifically, Defendant Miller.

41. The Borough of Brookville's actions and inactions violated Plaintiff's Eighth Amendment rights, which are actionable under 42 U.S.C. § 1983 and applicable to states and municipalities via the Fourteenth Amendment.

42. The Fourteenth Amendment to the United States Constitution protects the bodily integrity of all citizens and protects citizens from being sexually harassed and sexually accosted by government officials.

43. The actions of the Borough of Brookville, as detailed above, violated Plaintiff's rights under the United States Constitution. In short, the Borough of Brookville had actual notice that Defendant Miller had a long history of inappropriate contact with women, both before and during his employment with the Brookville Police Department and did nothing to protect women from Defendant Miller's conduct. As such, the Borough of Brookville's actions demonstrate a deliberate indifference to Plaintiff's well-being.

44. The Borough of Brookville intentionally ignored the well-being of women when it continued to employ Defendant Miller as its agent and/or employee and allow him to have resources to stalk and harass women, such as Plaintiff.

45. In short, the Borough of Brookville had a pattern, policy, and/or custom of permitting untrained, inappropriate, and dangerous individuals to work at its police department and have resources to stalk and harass women, such as Plaintiff

46. The resources to stalk and harass women, such as Plaintiff had a pattern, policy, and/or custom of failing to ensure that it adequately hired, retained, and supervised its agents, servants, and/or employees.

47. The Borough of Brookville was motivated by bad faith and malice as it willfully put Plaintiff and other women in danger of harassment, stalking, and sexual assault.

48. As a direct and proximate result of the unconstitutional acts described above, Plaintiff has been irreparably injured.

## DEMAND FOR PUNITIVE DAMAGES

49. The actions of Defendant Miller described above were extreme and outrageous and shock the conscience of a reasonable person. Therefore, an award of punitive damages is appropriate to punish Defendant Miller for his cruel and uncivilized conduct.

50. The Plaintiff does not seek an award of punitive damages against the Borough of Brookville.

## DEMAND FOR TRIAL BY JURY

51. The Plaintiff hereby respectfully requests a trial by jury.

## PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff Alexis Burton requests that this Honorable Court grant her the following relief:

> A. A judgment against all Defendants jointly and severally, awarding Compensatory Damages to the Plaintiff in an amount to be determined by a jury and/or the Court;
>
> B. A judgment against Defendant Miller awarding punitive damages to the Plaintiff, in an amount to be determined by a jury and/or the court;
>
> C. A monetary award for attorneys' fees and the costs of this action, pursuant to 42 U.S.C. § 1988; and,
>
> D. Any other relief that this Court deems to be just, proper and equitable.

Respectfully submitted,

Dated: May 11, 2023        BY: */s/ Sara J. Watkins*
                                Sara J. Watkins, Esquire
                                PA I.D. No.: 325770
                                Robert Peirce & Associates, P.C.
                                707 Grant Street, Suite 125
                                Pittsburgh, PA 15219
                                Tel: 412-281-7229
                                Fax: 412-281-4229
                                Email: swatkins@peircelaw.com

                                *Counsel for Plaintiff*