**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXIS BURTON, | 2:23-cv-00793 |
| Plaintiff, | Judge Maureen P. Kelly |
| v. | **Electronically Filed** |
| BOROUGH OF BROOKVILLE and JUSTIN C. MILLER, former officer of Brookville Police Department, | |
| Defendants. | |

**DEFENDANT BOROUGH OF BROOKVILLE'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant, Borough of Brookville ("the Borough"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., files this Brief in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.  BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff, Alexis Burton, commenced this alleged civil rights action under 42 U.S.C. §1983 by filing a Complaint on May 11, 2023 in the U.S. District Court for the Western District of Pennsylvania against the Borough of Brookville and Justin C. Miller, former police offer of the Brookville Police Department.  In her Complaint, Plaintiff brings a claim against the Borough of Brookville for its alleged failure to implement municipal policies to avoid constitution deprivations and failure to train and supervise employees under the color of state law.  The gist of Plaintiff's action is that Officer Miller inappropriately used social media to stalk and harass Plaintiff while working in his official capacity as a police officer and he was also criminally charged for assault for an incident between him and Plaintiff.  And, the Borough of Brookville failed to properly train and supervise its employees, including Mr. Miller such that the Borough is liable under Section 1983.

In support of her allegations against Officer Miller and the Borough of Brookville, Plaintiff's Complaint alleges that she and Defendant Miller began communicating in early 2022 after becoming friends on social media. (¶ 6-7 of Complaint attached hereto as Exhibit A).  Soon after, some of the conversations she received from Defendant Miller were sexual in nature. (Complaint ¶ 8).  At some point, Plaintiff alleges that she blocked Defendant Miller on the social media platform SnapChat; however, he continued unwanted communications through his business account on that same platform. (Complaint ¶ 9).

Plaintiff further alleged that she believed Defendant Miller would use his police vehicle to "stalk and harass" her. (Complaint ¶ 10-14).

Lastly, Plaintiff alleges in her Complaint events that occurred on March 18, 2022, between Plaintiff and Defendant Miller. On that date, Plaintiff and Defendant Miller, who was in uniform, were in Sheetz, located at 300 West Main Street, Brookville, PA. (Complaint ¶ 15).

Plaintiff next alleges that at some point, Defendant Miller approached Plaintiff from behind and groped her. (Complaint ¶ 17). As a result of this interaction, Defendant Miller faced criminal charges to which he pled guilty (Complaint ¶ 20-21).

Plaintiff alleges that Defendant Borough of Brookville was responsible for training Defendant Miller and failed to train and supervise him properly as evident by his alleged conduct towards Plaintiff. (Complaint ¶ 34-46). The Complaint further alleges that the Borough of Brookville had actual notice of Mr. Miller's alleged long history of inappropriate conduct with women, both before and during his employment with the Brookville Policy Department and did nothing to protect women from his conduct. *Id.*, ¶ 43. The Complaint does not allege how the Borough of Brookville received this alleged actual notice of Mr. Miller's alleged "long history of inappropriate conduct with women" nor does it allege any factual basis for the alleged notice.

## II. STANDARD OF REVIEW

A complaint can be dismissed for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). FRCP 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

A claim must plead factual content that permits the court to reasonably infer that the defendant is liable for the alleged misconduct in order for the claim to be facially plausible. *Id. See Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 556 (2007).The plausibility standard does not inquire into the probability of an event, however, "it does require a pleading to show 'more than a sheer possibility that a defendant acted unlawfully.'" *Connelly* v. *Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016)(quoting *Iqbal*, 556 U.S. 662 (2009). A complaint that

avers facts that are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. 662 (2009). "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation and internal quotations omitted).

The Third Circuit Court of Appeals derived a three-step test from the Supreme Court of the Unites States cases *Twombly* and *Iqbal* for the district courts to follow to determine sufficiency of a complaint. *Connelly* reiterated the test:

> First, it must take notes of the elements the plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to assumption of truth. *See also Burtch* v. *Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.
> *Id*. (citations and internal quotations omitted).

"[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Burtch* v. *Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011). At this stage in litigation, "for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss[,] but need allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Keffer* v. *Reese*, No. 2:17-CV-00332-LPL, 2018 WL 489007, at *3 (W.D. Pa. Jan. 19, 2018).

### III.    ARGUMENT

4

### A. Plaintiff Fails to State a Claim Against Defendant Borough of Brookville Upon Which Relief Can Be Granted and, therefore Plaintiff's claim stated in Count II should be dismissed.

Plaintiff alleges that Borough of Brookville failed to properly train and supervise its employees. For a Section 1983 claim, a plaintiff must provide evidence that the defendant was acting under the color of state law and a constitutional violation was caused by their conduct. *Piecknick* v. *Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A municipality may be liable under Section 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation. *See Monell* v*. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). But, under § 1983, local governments are responsible only for their own illegal acts." *Connick* v. *Thompson*, 563 U.S. 51, 60 (2011)(citations and internal quotations omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* (citation and internal quotations omitted). Therefore, a plaintiff must pinpoint a policy, custom or practice of the municipality to establish liability under § 1983. *Monell*, 436 U.S. at160-161. A policy is established "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." *Keffer*, No. 2:17-CV-00332-LPL, 2018 WL 489007, at *6 (W.D. Pa. Jan. 19, 2018)(citation and internal quotations omitted). In two instances, a policy or custom can be found without an official declaration thereof. The first is by "showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and

5

permanent as virtually to constitute law." *Bielevicz* v. *Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990); the second is "by evidence of knowledge and acquiescence" by the final policymakers. *Beck* v. *City of Pittsburgh,* 89 F.3d at 971 (3d Cir. 1996); *Bielevicz*, 915 F.2d at 850 ("such well-established custom exists only with the approval or, at the very least, with the sufferance of policymakers.").

A plaintiff must also show that a decisionmaker had notice that a constitutional violation could occur and acted with deliberate indifference to the risk in order to establish a municipality's liability based upon a practice or custom. *Berg* v. *Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

"In addition to identifying a policy or custom, a plaintiff bears the burden of proving that the municipal practice in question was the proximate cause of the violation of his constitutional rights. To do so, the plaintiff must show either an affirmative link or plausible nexus between the custom or practice and the alleged constitutional deprivation." *Keffer*, No. 2:17-CV-00332-LPL, 2018 WL 489007, at *6 (W.D. Pa. Jan. 19, 2018)(citation and internal quotations omitted). *See also Bd. of the Cnty. Comm'rs of Bryan Cnty*. v. *Brown*, 520 U.S 397, 404 (1997) ("The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.") (citation and internal quotations omitted).

### 1. Failure to Train

Plaintiff fails to state a claim upon which relief can be granted against the Borough for failure to train. "To establish liability on a failure to train theory through custom or practice,

a plaintiff must establish that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference." *Id.* (internal quotations omitted). Generally, a plaintiff must show a "pattern of similar constitutional violations by untrained employees" to demonstrate deliberate indifference.[1] *Id.*

Additionally, a plaintiff is required to establish that a decisionmaker had notice of the inadequacy of the training program. *Id.; see Connick,* 563 U.S. at 62 ("[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

The facts of this case are similar to those in *Keffer.* In *Keffer*, the plaintiff asserted that the city failed to train and supervise its police officers on how to conduct investigations. *Id.* at 3. In that case this court concluded that the plaintiff failed to identify any policy relating to the police department's training or supervision and to identify any official proclamation made by any person with final authority involving the training or supervision. *Id.* This determination was made due to the plaintiff neglecting to suggest facts that the officer defendant's training "was so deficient" that it "reflect[ed] the City's deliberate indifference to [the] [p]laintiff's constitutional rights." *Id.* at 7. Further, the court reasoned that the plaintiff did not "identify any deficiencies in the City of Connellsville police training other than mere speculation. [The] [p]laintiff further fails to identify any similar acts by [the]

---

[1] To make a claim for failure to train or discipline, a plaintiff must demonstrate that "a responsible municipal policymaker had contemporaneous knowledge of the offending occurrence or knowledge of a pattern of prior incidents of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question or otherwise communicated a message of approval to the offending subordinates." *Scott* v. *Clark*, No. 1:19-CV-00169, 2020 WL 4905624, at *6 (W.D. Pa. July 28, 2020), report and recommendation adopted, No. 1:19-CV-169-SPB-RAL, 2020 WL 4904212 (W.D. Pa. Aug. 20, 2020).

7

[d]efendant Reese or other City of Connellsville police officers that would demonstrate that a course of training is deficient in a particular respect." *Id.*

Here, just as in *Keffer*, "there is only speculation that a lack of training" caused the officer Defendant to behave in the allege manner. Plaintiff makes vague factually unsupported allegations that the Borough knew of previous similar instances by officer Defendant and that the current sexual harassment/discrimination policy is not up to par. Plaintiff's Complaint only iterates unsubstantiated claims. Plaintiff fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). Plaintiff only states conclusions and fails to provide facts as required. *See Groman* v. *Twp. Of Manalapan* (holding "vague assertions" pertaining to a police department's "failure to investigate other wrongdoings" and a reference to "the incident in this case" were insufficient to establish a municipal policy or custom giving rise to § 1983 liability.); *See Brown* v*. Erie Cnty*., No. 1:20-CV-0251, 2021 WL 2228341, at *6–7 (W.D. Pa. May 18, 2021), report and recommendation adopted, No. 1:20-CV-251, 2021 WL 2226462 (W.D. Pa. June 2, 2021)(holding that a plaintiff's allegations in "broad terms that" the defendant "had policies or customs allowing inadequate medical staffing, insufficient medical personnel trained to recognize and respond to serious or emergent medical needs, and an absence of procedures to require personnel to refer seriously ill inmates to outside specialists, hospitals, or other appropriately equipped facilities" were not supported by factual allegations and thus, does not support that there was a pattern for purposes of a § 1983 claim.); *Swope* v. *City of Pittsburgh, et al*., 90 F. Supp. 3d 400 (W.D. Pa. 2015) (holding that the plaintiff's allegations that "the [defendant] exhibited a longstanding, clearly indifferent pattern of behavior as to the actions of its police officers, which has allowed officers such as defendants … to repeatedly violate laws; that top

supervising agents in the City of Pittsburgh Bureau of Police failed to supervise and train its officers in the appropriate and effective manner; which has created an atmosphere in which officers of the law felt they were above the law themselves" were too general and conclusory.)

The Complaint is insufficient of facts that could plausibly suggest that the Borough's training was inadequate or that a system of constitutional violations occurred. A plaintiff must "articulate how the conduct is sufficiently similar to establish the pattern." *Cumberland Twp.*, 258 F. Supp. 3d 518, 528 (W.D. Pa. 2017). Pleading that the Borough was aware of similar behavior from officer Defendant is not enough. The Complaint needed to contain "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly*, 809 F.3d at 7. Statements that are merely conclusory will not suffice. *Twombly*, 550 U.S. at 555.

### 2. Failure to Supervise

Plaintiff fails to make a claim for failure to supervise. To establish liability for failure to supervise under § 1983, the "supervising officials must have played an affirmative role in the deprivation of the plaintiffs' rights[;] ... the officials' misconduct cannot be merely a failure to act." *Keffer*, No. 2:17-CV-00332-LPL, 2018 WL 489007, at *8 (W.D. Pa. Jan. 19, 2018). A supervisor's involvement can be shown through averments of "personal direction or of actual knowledge and acquiescence." *Id.* "At a minimum, such liability attaches 'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the

offending subordinate." *Wyland* v. *Brownfield,* No. CIV.A. 08-1601, 2011 WL 5445305, at *13 (W.D. Pa. Nov. 9, 2011).

Here, Plaintiff fails to provide facts that demonstrate a supervisor's involvement other than a boilerplate allegation that the Borough, and not a supervisor, failed to act. Additionally, Plaintiff did not purport anything other than conclusory statements that would show that there was a pattern of similar incident in which would have put any supervisor on notice. Nor did Plaintiff provide averments that a supervisor's inaction communicated a message of approval.

### IV.     CONCLUSION

As stated above, Plaintiff has failed to properly plead any § 1983 claims against Defendant Borough of Brookville.  To this end, Plaintiff fails to allege sufficient facts to support any of the alleged claims. It is required that all complaints set forth sufficient factual matter to show that the claim alleged is facially plausible. The court need not accept inferences drawn by Plaintiff, nor draw inferences themselves, if they are unsupported by the facts as set forth in the Complaint.

For all of the reasons enumerated and examined above, Plaintiff's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

Date: September 5, 2023  By: /s/ Deja' L. Bryant
Deja' L. Bryant, Esquire
PA I.D.# 331861
Robert J. Marino, Esquire
PA I.D.# 30284

Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
412-281-7272
dbryant@dmclaw.com

*Attorneys for Defendant, Borough of Brookville*

# CERTIFICATE OF SERVICE

I, Deja' L. Bryant, Esquire, hereby certifies that a true and correct copy of the foregoing Defendant Borough of Brookville's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) has been served this 5th day of September, 2023, by electronic mail and U.S. first-class mail, postage prepaid, to:

Sara J. Watkins, Esquire
Robert Peirce & Associates, P.C.
707 Grant Street
Suite 2500
Pittsburgh, PA  15219
swatkins@peircelaw.com

Justin C. Miller
61 Old 36 Rd.
P.O. Box 45
Sigel, PA  15860
justinmiller930@gmail.com

DICKIE, McCAMEY & CHILCOTE, P.C.


By /s/ Deja' L. Bryant
    Deja' L. Bryant, Esquire
    Robert J. Marino, Esquire

*Attorneys for Defendant, Borough of Brookville*

30101412.1