IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS BURTON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-793 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| BOROUGH OF BROOKVILLE; JUSTIN C. MILLER. | ) Re: ECF No. 23 |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**KELLY, Magistrate Judge**

Plaintiff Alexis Burton ("Plaintiff" or "Burton") brings this civil rights action pursuant to 42 U.S.C. § 1983 and asserts claims against Defendants the Borough of Brookville ("Brookville") and Justin C. Miller ("Miller"), a former Brookville police officer. ECF No. 21.

Presently before the Court is the Brookville's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 23. For the reasons that follow, the Motion to Dismiss will be denied.[1]

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff became acquaintances with Defendant Miller, then a Brookville police officer, on the social media platform Facebook in early 2022 when Defendant Miller added Plaintiff as a "friend." ECF No. 21 ¶ 6. Soon after becoming "Facebook friends," Defendant Miller requested

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 29, 30 and 31.

1

to add Plaintiff as his "friend" on SnapChat and began sending Plaintiff messages that were sexual in nature. Id. ¶ 8.

Plaintiff blocked Defendant Miller in an effort to stop receiving messages from him; however, Defendant Miller began using his business SnapChat account and continued to harass Plaintiff with frequent messages. Id. ¶ 9. One night during this same period, a marked Brookville police cruiser pulled into Plaintiff's driveway in the middle of the night, which caused Plaintiff particular concern as her home is not located in the jurisdiction of the Brookville Police Department. Id. ¶¶ 10-11. In addition, on multiple occasions, Plaintiff noticed that a Brookville police cruiser followed her as she was driving. Id. ¶ 13. Upon information and belief, the marked Brookville police cruiser parked in Plaintiff's driveway or following her was driven by Defendant Miller as a tactic to stalk and harass Plaintiff. Id. ¶¶ 12, 14.

On March 18, 2022, Plaintiff was at a Sheetz convenience store in Brookville when she was approached by Defendant Miller while he was in his police uniform. Id. ¶ 15. Upon information and belief, Defendant Miller was stalking/following Plaintiff in and effort to meet her in person. Id. ¶ 16. Defendant Miller approached Plaintiff from behind and groped her buttocks and groin area. Id. ¶ 17. Plaintiff, in shock, turned around and moved away from him, as he asked her why she was being a "prude." Id. ¶ 18.

Immediately after the assault, Plaintiff filed a report with the Pennsylvania State Police. Despite the report, Defendant Brookville permitted Defendant Miller to continue to work for two weeks before placing him on paid leave until he ultimately resigned from his position. Id. ¶ 19. As a result of the assault, Defendant Miller was criminally charged with the following crimes: 18 Pa. C.S. § 3126(a)(1), Indecent Assault without Consent of Other; 18 Pa. C.S. § 2709(a)(4), Harassment- Lewd, Threatening Language; and 18 Pa. C.S. § 2709(a)(1), Harassment- Subject

Other to Physical Contact. Plaintiff ultimately pled guilty to simple assault on March 1, 2023. Id. ¶¶ 20-21.

On May 11, 2023, Plaintiff commenced the instant civil action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint asserted claims against Defendants Miller and Brookville. ECF No. 1. In response to Plaintiff's Complaint, both Defendants filed Motions to Dismiss for failure to state a claim. ECF Nos. 13, 16. Plaintiff followed with an Amended Complaint, and alleges two claims: Count I - Violation of Right to Substantive Due Process of Law against Defendant Miller, and Count II - Implementation of Municipal Policies and Practices that Directly Violate Constitutional Rights and Failure to Train and Supervise Employees against the Borough of Brookville. ECF No. 21.

Defendant Miller filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint. ECF No. 26. Defendant Brookville filed the pending Motion to Dismiss. Brookville contends that Plaintiff fails to allege sufficient facts to plausibly suggest that its training and supervision were inadequate or that a history of constitutional violations provided notice of the need to supplement its employee training or supervision. ECF No. 23 ¶ 5. Plaintiff filed a Brief in Opposition to Defendant Borough of Brookville's Motion to Dismiss. ECF No. 27.

The Motion to Dismiss is ripe for consideration.

## II.  STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in

the complaint. See Cal. Pub. Employees' Retirement Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

**III.  DISCUSSION**

As a general rule, to hold a municipality liable under Monell v. Department of Social Services, a plaintiff must allege that "a [local] government's policy or custom ... inflict[ed] the injury" in question. 436 U.S. 658, 694 (1978). The United States Court of Appeals for the Third Circuit has explained that "[p]olicy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Estate of Roman v. City of Newark, 914 F.3d 789, 789 (3d Cir. 2019) (quoting Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law,

4

is so well-settled and permanent as virtually to constitute law." Id. (quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). To sustain a Monell action against a municipality based on a municipal custom, a plaintiff must show that "policymakers were aware of similar unlawful conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury." Bielevicz, 915 F.2d at 851.

A plaintiff may also state a basis for municipal liability by alleging a failure to supervise, train or discipline. Forrest v. Parry, 930 F.3d 93, 106 (3d Cir. 2019); Carr v. City of Philadelphia, 560 F. Supp.3d 845, 849 (E.D. Pa. 2021).

At Count II of the Amended Complaint, Plaintiff alleges municipal liability claims against Defendant Brookville for failure to train and failure to supervise. ECF No. 21 at 5-8. Brookville moves to dismiss both claims. ECF No. 23; ECF No. 24 at 7-10.

### A. Failure to Train

To establish liability under a failure to train theory, a plaintiff must show "whether (1) municipal policymakers know that employee will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of rights." Forrest v. Parry, 930 F. 3d 93, 106 (3d Cir. 2019) (citing Carter v. City of Philadelphia, 181 F. 3d 339, 357 (3d Cir. 1999)). A municipality's alleged failure to train its police officers only rises to a constitutional violation when that failure "amounts to deliberate indifference to the rights of persons with whom the police came into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). "[T]he identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury." Id. at 391; see also Harris v. City of Philadelphia, 171 F. Supp. 3d 395, 400 (E.D. Pa. 2016).

Usually, a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Thomas v. Cumberland Cnty., 749 F. 3d 217, 223 (3d Cir. 2014) (quoting Board of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997)). This is because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id. (quoting Connick v. Thompson, 565 U.S. 51, 62 (2011)). However, a plaintiff may properly plead a failure to train claim if the need for training in particular circumstances is "so obvious" that a failure to do so would about to deliberate difference. Id.; Davis v. City of Philadelphia, 284 F. Supp 3d 744. 756 (E.D. Pa. 2018). The need to train police officers not to stalk, sexually harass or physically assault members of the community may be considered "so obvious."

In the instant case, Plaintiff alleges in the Amended Complaint that Defendant Brookville, through the Brookville Police Department, failed to institute policies and training on sexual harassment, sexual misconduct, supervision, and discipline, and by failing to train its personnel regarding permissible use of police cruisers. ECF No. 21 ¶ ¶ 39, 40. Plaintiff also asserts that Defendant Brookville had knowledge of a pattern of similar constitutional violations based on the "continuous conduct at issue in this matter" and the "numerous accounts of Defendant Miller stalking, harassing and assaulting women." Id. ¶ 38. As such, Plaintiff asserts that Defendant Brookville had knowledge of the deficiencies of its training.

Taking the facts alleged in the Amended Complaint in the light most favorable to the Plaintiff, as the Court must, it is reasonable to infer that Defendant Brookville would have known that police officers would interact with members of the community and should not engage in sexual harassment or sexual misconduct; that based on the continuous conduct at issue and numerous

accounts of stalking involving its officers, including Defendant Miller, it had a history of failing to adequately train its employees on sexual harassment and stalking; and that those failures would result in the very deprivation of rights that Plaintiff now alleges. Therefore, Plaintiff has adequately stated a claim based on failure to train at this initial stage of the pleadings.

### B. Failure to Supervise

In circumstances where a supervising official knowingly permits a continuing custom or policy that results in a constitutional violation, Section 1983 liability may attach. Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988). To establish failure to supervise liability, "supervising officials 'must have played an affirmative role in the deprivation of the plaintiffs' rights[;] ... the officials' misconduct cannot be merely a failure to act.'" Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986) (quoting Commw. of Pa. v. Porter, 659 F.2d 306, 336 (3d Cir. 1981)). Personal involvement may be shown through "allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). "At a minimum, such liability attaches 'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Wyland v. Brownfield, No. CIV.A. 08-1601, 2011 WL 5445305, at *13 (W.D. Pa. Nov. 9, 2011) (quoting Colburn, 838 F.2d at 673) (citation omitted). No liability exists under Section 1983 solely based on a theory of vicarious liability or respondeat superior. Shaw by Strain v. Stackhouse, 920 F.2d 1135, 1147 (3d Cir. 1990) (citation omitted).

Here, Plaintiff alleges that Defendant Brookville, through the Brookville Police Department, failed to properly supervise Defendant Miller. Plaintiff further alleges that Defendant

Brookville had knowledge of the continuous conduct at issue and notice of numerous accounts of Defendant Miller stalking, harassing, and assaulting women both before and during his employment. ECF No. 21 ¶ 38. Despite this knowledge, Plaintiff alleges that Defendant Brookdale failed to institute appropriate policies and procedures related to sexual harassment and sexual misconduct. Id. ¶ 39. She asserts that Defendant Brookville failed to monitor its police officers and their use of police cruisers. Id. ¶ 40. Also, Plaintiff asserts that Defendant Brookville has demonstrated deliberate indifference by failing or intentionally refusing to enforce policies or procedures related to sexual harassment and sexual misconduct. Id. ¶ 41. Finally, she alleges that Defendant Brookville failed to address allegations of assault and sexual misconduct by officers of the Brookville Police Department, including Defendant Miller. Id. Considered *in toto*, these allegations assert that the conduct and failure to supervise was on an ongoing basis.

Upon review, Plaintiff has alleged facts that if true would lead to the plausible conclusion that Defendant Brookville had knowledge of the continuous conduct at issue and the numerous accounts of Defendant Miller stalking, harassing and assaulting women before and during his employment as a Brookville police officer. The facts alleged further permit the plausible conclusion that, despite its knowledge, Defendant Brookville failed to act and thus acquiesced and approved of Miller's misconduct.

In sum, assuming the veracity of all of Plaintiff's factual allegations, and deriving all reasonable inferences therefrom, Plaintiff has pled sufficient facts to support her failure to supervise claim against Defendant Brookville. Following the completion of fact discovery, this matter may be considered at the summary judgment stage of this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant Brookville's Motion to Dismiss is properly denied. Accordingly, the following Order is entered.

### ORDER

AND NOW, this 7th day of February 2024, upon consideration of Defendant Brookville's Motion to Dismiss, ECF No. 23, it is hereby ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

*Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record by Notice of Electronic Filing